UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 2:12-cr-1-WTL-CMM |
| | ) | |
| MATTHEW J. MICHAEL, | ) | |
| *also known as* MATTHEW J. MICHAELS, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS
OR ALTERNATIVELY ENTER VERDICT OF NOT GUILTY**

Before the Court is the Defendant's Motion to Dismiss or Alternatively to Enter a Verdict of Not Guilty (Docket No. 37) and the Government's response thereto. For the reasons set forth below, the Court **DENIES** the Defendant's motion in its entirety.

**I. STANDARD**

"An indictment is legally sufficient if it (1) states all the elements of the crime charged; (2) adequately informs the defendant of the nature of the charges so that he may prepare a defense; and (3) allows the defendant to plead the judgment as a bar to any future prosecutions." *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010) (citing Fed. R. Crim. P. 7(c)(1)). "An indictment is reviewed on its face, regardless of the strength or weakness of the government's case." *Id.* at 958-59. "One that 'tracks' the words of a statute to state the elements of the crime is generally acceptable, and while there must be enough factual particulars so the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive." *Id.* at 959.

## II.    BACKGROUND

Defendant Matthew J. Michael was charged by grand jury indictment on January 11, 2012, with three counts of transmitting threats in interstate commerce under 18 U.S.C. § 875(c).

Count I charges that:

> On or about the 25th day of August, 2011 in Owen and Marion Counties, within the Southern District of Indiana and elsewhere, the defendant MATTHEW J. MICHAEL, knowingly did, transmit in interstate and foreign commerce from the State of Indiana to the State of California and elsewhere, an electronic communication to another, specifically Facebook postings to friends, and the communication contained a threat to kidnap and injure DEA agents and personnel, as follows:
>
>> These guys will get whats coming to them…My master assures me that the DEA will be exterminated and humiliated before the end is over…WE R COMING FOR YOUR PIG ASS. . The only thing the DEA knows how to do is lie and deceive…Its time we answered their crimes with bloodshed and torture.
>
> All of which is in violation of Title 18, United States Code, Section 875(c).

Count 2 charges:

> On or about the 25th day of August, 2011 in Owen and Marion Counties, within the Southern District of Indiana and elsewhere, the defendant MATTHEW J. MICHAEL, knowingly did, transmit in interstate and foreign commerce from the State of Indiana to the State of California and elsewhere, an electronic communication to another, specifically Facebook postings to friends, and the communication contained a threat to kidnap and injure law enforcement officers, as follows:
>
>> War is near..anarchy and justice will be sought…I'll kill whoever I deem to be in the way of harmony to the human race…Policeman all deserve to be tortured to death and videos made n sent to their families…BE WARNED IF U PULL ME OVER!! IM LIKE JASON VOORHEES WITH A BLOODLUST FOR PIG BLOOD.
>
> All of which is in violation of Title 18, United States Code, Section 875(c).

Count 3 charges:

> On or about the 25th day of August, 2011 in Owen and Marion Counties, within the Southern District of Indiana and elsewhere, the defendant MATTHEW J.

MICHAEL, knowingly did, transmit in interstate and foreign commerce from the State of Indiana to the State of California and elsewhere, an electronic communication to another, specifically Facebook postings to friends and creation of an "event," and the communication contained a threat to kidnap and injure government personnel, as follows:

> "attack on govt protected agencies" on Friday, November 11, 2011, at 11:00am, "statewide possible nation."

All of which is in violation of Title 18, United States Code, Section 875(c).

On August 13, 2012, Michael filed a motion to dismiss or, in the alternative, enter a verdict of not guilty, arguing that the statements described above are protected speech under the First Amendment. The Court rules as follows.

### III. DISCUSSION

Applying the standard for a motion to dismiss an indictment, the Court finds the indictment here legally sufficient. Title 18 of the United States Code, section 875(c) provides, "Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." Accordingly, the elements of this offense are (1) the defendant transmitted a communication in interstate commerce; (2) the communication contained a threat to injure the person of another; and (3) the defendant did so knowingly. *United States v. Stewart*, 411 F.3d 825, 827-28 (7th Cir. 2005) (holding that the district court's jury instructions accurately reflect the elements of § 875(c)).

The indictment here tracks the language of the statute and recites each element of the crime. It charges Michael with knowingly transmitting Facebook posts containing threats to injure DEA agents, law enforcement officers, and government personnel. It further provides the specific posts that the Government alleges Michael wrote and posted, and it therefore provides

Michael notice of the specific conduct against which he will have to defend himself at trial. As a result, the Court concludes that the indictment sufficiently charges the offenses.

However, Michael urges the Court to dismiss the indictment on the ground that Michael's posts constitute protected speech under the First Amendment. However, "[t]his potential First Amendment concern is addressed by the requirement of proof beyond a reasonable doubt at trial, not by dismissal at the indictment stage." *White*, 610 F.3d at 959. In the alternative, Michael argues that the Court should enter a verdict of not guilty for the same reason. This argument is equally unavailing.

As Michael recognizes, the First Amendment does not insulate all speech from criminal consequence. Certain categories of speech having little or no social value are not protected, and threats are one such category. *United States v. Parr*, 545 F.3d 491, 496-97 (7th Cir. 2008). A threat constitutes unprotected speech when it is "a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Id.* at 498. Whether a statement constitutes a threat is a question for the trier of fact, and in conducting this inquiry, the trier draws inferences from evidence about the speaker's background and the context of his speech in order to determine whether the speaker conveyed the impression that he was serious or joking. *Id.* at 497-498.

Given that the determination of whether Michael's posts constitute true threats is informed by evidence as to the background and context of the situation, it would be inappropriate for the Court to enter a verdict of not guilty based solely on the face of the indictment unless the Court could imagine no facts that would render Michael's posts unprotected. That is not the situation here. The fact that Michael has waived his right to a jury trial, meaning that the Court

4

will serve as trier of fact, does not change this conclusion; the Government is nevertheless entitled to a chance to prove its case.

Finally, Michael urges the Court to enter a verdict of not guilty because his posts do not threaten to injure the "person" of another as that term is understood in the statute. According to Michael, "person" is limited to a "natural" person, as opposed to "non-natural" persons such as firms, associations, or corporations. Michael argues that, if his posts are threats at all, they do not threaten natural persons. The Court disagrees. Even if "person" is limited to natural persons, Michael's posts are directed toward natural persons. Agencies do not bleed, nor can they be exterminated, humiliated, tortured, killed, or attacked. If Michael's posts were threats (given the context in which they were made), the threats were directed at natural persons, namely DEA agents, law enforcement officers, and government personnel.[1]

## IV. CONCLUSION

For the foregoing reasons, Defendant Matthew Michael's motion to dismiss, or in the alternative, enter a verdict of not guilty, is **DENIED**.

SO ORDERED:   10/09/2012

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

---

[1] In his brief, Michael argues that "policeman" and "their families" are not natural persons. This argument does not pass the proverbial straight-face test. Perhaps Michael means to argue that "policeman" and "their families" are not "persons" because these terms are not sufficiently specific; no specific policeman is named, for example. This argument goes more properly to the determination of whether the statement is a true threat, not whether it threatens a natural person, but even this is foreclosed by the definition of threat, as it may be directed toward a "group of individuals."